**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

**MARCUS CLARK,**

      **Plaintiff,**

    **v.**

                                       **Civil Action 1:25-cv-769**
                                        **Judge Jeffrey P. Hopkins**
                                        **Magistrate Judge Chelsey M. Vascura**

**CAPT. WILLIAM BARRITT,** *et al.*,

      **Defendants.**

**REPORT AND RECOMMENDATION**

      This matter is before the undersigned for a Report and Recommendation on the Court's January 7, 2026 Order requiring Plaintiff to submit a certified trust fund account statement from his prison cashier in support of his application to proceed *in forma pauperis*. (ECF No. 5.) For the reasons that follow, it is **RECOMMENDED** that this action be **DISMISSED WITHOUT PREJUDICE** pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute.

      Plaintiff commenced this action on October 23, 2025, by filing a Complaint and an application to proceed *in forma pauperis*. (ECF No. 1.) On October 27, 2025, the Court issued an Order explaining that Plaintiff's application to for leave to proceed *in forma pauperis* did not include a certified trust account statement from his prison cashier as required by 28 U.S.C. § 1915(a)(2). (ECF No. 2.) Plaintiff was ordered to submit the certified trust account statement or pay the $405 filing fee within 30 days. (*Id.*) He was also cautioned that failure to comply would lead to dismissal of his claims. (*Id.*) Plaintiff did not, however, comply.

As a result, the Court issued an Order on December 4, 2025, ordering Plaintiff to show cause as to why his claims should not be dismissed for failure to prosecute unless he filed a certified trust account statement within fourteen days. (ECF No. 3.) Plaintiff was again cautioned that non-compliance would lead to dismissal. (*Id*.) Plaintiff subsequently submitted a copy of his prison account statement, but it was not certified by his prison cashier. (ECF No. 4.) Accordingly, the Court issued an Order on January 7, 2026, ordering Plaintiff to show cause as to why his claims should not be dismissed for failure to prosecute unless he submitted a properly certified trust account statement within twenty-one days of the date of that Order. (ECF No. 5.) Plaintiff was again cautioned that failure to comply would lead to dismissal of his claims. (*Id*.) But Plaintiff did not comply.

To date, Plaintiff has failed to comply with the Court's October 27, 2025, December 4, 2025, and January 7, 2026 Orders. He has neither paid the filing fee, filed a properly certified copy of his prison trust fund account statement, or requested an extension of time to do so. Under these circumstances, the undersigned recommends dismissal of Plaintiff's action pursuant to Rule 41(b). The Court's inherent authority to dismiss a plaintiff's action with prejudice because of his failure to prosecute is expressly recognized in Rule 41(b), which provides in pertinent part: "If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) . . . operates as an adjudication on the merits." Fed. R. Civ. P. 41(b); *Link v. Walbash R.R. Co.*, 370 U.S. 626, 629–31 (1962). "This measure is available to the district court as a tool to effect 'management of its docket and avoidance of unnecessary burdens on the tax-supported courts [and] opposing parties.'" *Knoll v. AT & T*, 176 F.3d 359, 363 (6th Cir. 1999) (internal citations omitted).

The Sixth Circuit directs the district courts to consider the following four factors in deciding whether to dismiss an action for failure to prosecute under Rule 41(b):

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Schafer v. City of Defiance Police Dep't,* 529 F.3d 731, 737 (6th Cir. 2008) (citing *Knoll*, 176 F.3d at 363). "Although typically none of the factors is outcome dispositive, . . . a case is properly dismissed by the district court where there is a clear record of delay or contumacious conduct." *Schafer*, 529 F.3d at 737 (quoting *Knoll*, 176 F.3d at 363).

Here, Plaintiff failed to comply with the Court's Orders instructing him to pay the $405.00 filing fee or file a properly certified trust account statement in support of his motion for leave to proceed *in forma pauperis*. (*See* ECF Nos. 2, 3, 5.) Moreover, the Court explicitly cautioned Plaintiff that failure to comply may result in dismissal of this action. *See Stough v. Mayville Cmty. Schs.*, 138 F.3d 612, 615 (6th Cir. 1998) (noting that "[p]rior notice, or the lack thereof, is . . . a key consideration" in whether dismissal under rule 41(b) is appropriate). Plaintiff's failure to timely comply with the clear orders of the Court, which established reasonable deadlines for compliance, constitutes bad faith or contumacious conduct. *See Steward v. Cty. of Jackson, Tenn.*, 8 F. App'x 294, 296 (6th Cir. 2001) (concluding that a plaintiff's failure to comply with a court's order "constitute[d] bad faith or contumacious conduct and justifie[d] dismissal"). Because Plaintiff has missed these deadlines and disregarded the Court's orders, the undersigned concludes that no alternative sanction would protect the integrity of the pretrial process. Nevertheless, the undersigned concludes that dismissal with prejudice and requiring Plaintiff to pay the filing fee is too harsh a result.

3

It is therefore **RECOMMENDED** that the Court **DISMISS THIS ACTION WITHOUT PREJUDICE** under Rule 41(b). It is further **RECOMMENDED** that the Court not assess the filing fee in this matter. Finally, it is **RECOMMENDED** that the Court order Plaintiff to list 1:25-cv-769 as a related case if he re-files this action.

## PROCEDURE ON OBJECTIONS

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A District Judge of this Court shall make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a District Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

/s/ *Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE

4